FILED
SUPERIOR COURT
OF GUAM

2025 OCT -3 PM 3: 41

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>               Plaintiffs,<br><br>      vs.<br><br>FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, and Peter F. Perez,<br><br>               Defendants. | CIVIL CASE NO. CV0471-07<br><br>**DECISION AND ORDER** |
| DANIEL U. TORRES and<br>BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTABAN TORRES FAMILY TRUST DATED MAY 12, 1995,<br><br>          Plaintiff Intervenors,<br><br>      vs.<br><br>ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>              Defendants<br>       and<br><br>GLORIA C. SHOLING,<br><br>       Third Party Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 6, 2025, for hearing on Successor Plaintiff Catherine Sholing's ("Successor Plaintiff") Joinder Motion. Present were Attorney Wayson Wong on behalf of Successor Plaintiff and Attorney Mitchell F. Thompson on behalf of Defendant Peter F. Perez ("Defendant Perez"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter arose from a retainer agreement signed on October 15, 1987 ("1987 agreement") between Ms. Ana Sholing ("Ms. Sholing") and Attorney Jesus U. Torres ("Attorney Torres"), in which Attorney Torres would provide legal services to family members in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Islands Club Property in Tumon for a period of twenty-five (25) years. Ms. Sholing was the mother of Plaintiffs Manuel C. Sholing and Rosario S. Bautista (collectively, "Plaintiffs") and Third-Party Defendant Gloria C. Sholing. Plaintiffs allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Perez.[1]

This matter has an extensive procedural history. Most relevant to this Decision and Order is the following:

On June 4, 2021, a Suggestion of Death on the Record under Guam Rules of Civil Procedure ("GRCP") Rule 25(a) was filed by Attorney Wong, setting forth that Plaintiffs / Intervention Defendants Rosario S. Bautista and Manuel C. Sholing died during the pendency of this action.

On July 7, 2021, Jose S. Bautista ("Jose") and Catherine ("Catherine") B. Sholing filed a Motion to Substitute Parties as prospective successors. The Court granted the Motion to Substitute as to Catherine substituting for Manuel C. Sholing in Count Eight. (Dec. & Order at 15, Jul. 25, 2022). The Court denied the Motion to Substitute for Jose substituting for Rosario S. Bautista in Count Eight and for both Catherine and Jose for Counts Ten through Twelve, finding

---

[1] Attorney Torres passed away in August 2002, and Ana Sholing passed away in September 2005. *Bautista v. Torres,* 2017 Guam 17 ¶ 7.

they lacked standing to assert the claims. *Id.* The Court found that there was "nothing in the record . . . suggesting that the proposed successors are suing in their capacity as trustees of the respective trusts." (Dec. & Order at 11, Jul. 25, 2022). The Court determined that because "the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust," the prospective successors had no standing. *Id.*

On August 10, 2023, the Court granted in part Jose and Catherine's Motion to Reconsider as to Jose substituting as plaintiff for Rosario S. Bautista in Count Eight. (Dec. & Order at 8, Aug. 10, 2023). The Court gave Jose the opportunity within forty-five days of the issuance of the Decision and Order to petition for the appointment of Catherine as administrator for his mother's ancillary estate on Guam and have her pursue the Eighth Count.

On September 19, 2023, the Court granted Bautista's Application for Ex Parte Relief, giving him an extension to file his petition for an ancillary probate by October 17, 2023. (Order, Sept. 19, 2023).

On March 1, 2024, Successor Plaintiff filed an Appearance of Administratrix Catherine B. Sholing advising that "Catherine B. Sholing was duly appointed the Guam administratrix of [Jose S. Bautista's] estate to pursue his mother's claims in the Eighth Count of the Third Amended Complaint for this case" and that as "administrator, she enters her appearance in this case to pursue Rosario S. Bautista's claims in the Eighth Count of the Third Amended Complaint." The pleading attached a copy of the Letters of Administration filed on February 24, 2024 in Probate Case No. PR0167-23.

On February 10, 2025, Successor Plaintiff filed the instant Joinder Motion. Successor Plaintiff moves the Court to join Jose as a plaintiff in this case for the Tenth to Twelfth Counts of the Third Amended Complaint[2] pursuant to GRCP Rule 19. *See generally,* Joinder Mot., Feb. 10, 2025. Successor Plaintiff argues that "Mr. Bautista, as the representative of the RSB Trust, should

---

[2] The Tenth Count of the Third Amended Complaint alleges misrepresentation on the part of Defendant Perez as to attorney's fees the Sholing siblings needed to pay to the Torres Estate. (Third Am. Compl. ¶¶ 161-169, Jul. 10, 2009). The Eleventh Count alleges alternative misrepresentation based on similar facts. *Id.* at ¶¶ 170-177. The Twelfth Count alleges deceptive trade practices on the part of Defendant Perez based on the indications, misrepresentations, and/or concealments described in the Tenth and Eleventh Counts. *Id.* at ¶¶ 178-185.

be joined as plaintiff in this case, to pursue Mrs. Bautista's theft claims against defendant Perez." *Id.* at 2-3. On March 10, 2025, Defendant Perez filed his Opposition, arguing that Rule 19 has no application in this case and that Successor Plaintiff has failed to timely move to substitute the proper parties for Counts Ten through Twelve under Rule 25. *See generally,* Opp'n, Mar. 10, 2025. Defendant Perez sets forth that "it is Plaintiff's counsel who inexplicably delayed the resolution of this matter by failing to correct deficiencies identified by the Court over two years." *Id.* at 8. On March 31, 2025, Successor Plaintiff filed her Reply, arguing that the Court is required to join Jose in this case because "he has shown that he claims an interest in this action and is so situated that its disposition in his absence may, as a practical matter impair or impede his ability to protect that interest." (Reply at 2, Mar. 31, 2025).

On June 6, 2025, the Court heard arguments on the Joinder Motion and subsequently placed the matter under advisement.[3]

## DISCUSSION

The parties dispute whether Rule 19 or Rule 25 should apply to Successor Plaintiff's Joinder Motion. Rule 19 and Rule 25 address distinct procedural issues related to parties in litigation.[4] Rule 19 provides in relevant part that:

a. Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

1. in the person's absence complete relief cannot be accorded among those already parties, or

2. the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

   i. as a practical matter impair or impede the person's ability to protect that interest or

---

[3] On June 6, 2025, the Court also heard arguments on Defendant Perez's Motion for Summary Judgment. That Motion will be addressed by the Court in a separate Decision and Order.

[4] Although Defendant Perez also argues that Rule 17 does not apply, *see* Opp'n at 4-5, Successor Plaintiff appears to be basing her joinder motion primarily on Rule 19. *See* Joinder Mot. at 9 ("based on the facts and the provisions of GRCP Rule 19(a)(2)(i), Mr. Bautista should be joined to pursue the RSB Trust's claims against defendant Perez."); Reply at 2 ("The provisions of Rule 19 itself clearly shows that this Court should join Mr. Bautista."). Therefore, the Court does not find it necessary to address Rule 17 further at this time.

ii. leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

(Guam R. Civ. P. 19(a)).

Rule 25 provides in relevant part:

(a) Death.

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

(Guam R. Civ. P. 25(a)).

"[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam vs. O'Keefe*, 2018 Guam 4 ¶ 9 (citation omitted). "Rule 19 provides for the mandatory joinder of parties 'needed for a just adjudication,' commonly referred to as 'necessary' parties." *Blumberg v. Gates*, 204 F.R.D. 453, 454 (C.D. Cal. 2001). "Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing

party. Instead, the party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action." *In re Brand*, 545 B.R. 37, 43 (Bankr. C.D. Cal. 2016) (citing *Unicorn Tales v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998)).

In this case, Catherine and Jose filed a Motion to Substitute Parties in July 2021, after the June 4, 2021 filing of a Suggestion of Death on the Record under GRCP Rule 25(a). Both Catherine and Jose sought to substitute the original Plaintiffs for all remaining claims at that time (Count Eight, Count Ten, Count Eleven, and Count Twelve of the Third Amended Complaint). *See generally,* Mot. Substitute, Jul. 7, 2021. Although they ultimately substituted the original plaintiffs in Count Eight of the Third Amended Complaint, they were not substituted for the original plaintiffs in Counts Ten, Eleven, and Twelve. This was because the Court determined they lacked standing to assert the claims as there was "nothing in the record . . . suggesting that the proposed successors are suing in their capacity as trustees of the respective trusts." (Dec. & Order at 11, Jul. 25, 2022). Successor Plaintiff Catherine now moves for Jose to be joined as a party under Rule 19(a)(2)(i), as a "representative of the RSB Trust" to pursue the trust's theft claims against Defendant Perez.

In light of the procedural history of this matter, the Court is not convinced that Rule 19 applies at this time instead of Rule 25(a). The Court acknowledges that Catherine was not formally substituted as a plaintiff on behalf of Rosario Bautista for Jose as to the Eighth Count until she became an ancillary representative of Rosario's Estate in early 2024. However, it is not clear to the Court why Jose could not have timely moved to be substituted in as a trustee for the RSB Trust after the Court determined he did not have standing as a trust beneficiary, or why Successor Plaintiff could not have moved for such either. Successor Plaintiff is not arguing that Counts Ten to Twelve of the Third Amended Complaint were extinguished by the original plaintiffs' deaths.[5] As Defendant Perez sets forth, "the original plaintiffs asserted counts ten

---

[5] "To substitute a party after death under Rule 25(a)(1), three requirements must be satisfied: (1) the substitution motion must be timely, (2) the pleaded claims must not have been extinguished by death, and (3) the person being substituted must be a 'proper party.'" *Ghazarian v. Republic of Turkey*, 2021 WL 5934476 *1 (C.D. Cal. Nov. 16, 2021) (citation omitted). If the requirements are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

through twelve. The need to substitute parties to assert those same claims is due to the death of the original plaintiffs." (Opp'n at 7). Successor Plaintiff previously moved the Court to be allowed to substitute for the remainder of the claims in the Third Amended Complaint pursuant to Rule 25(a), *see* Mot. Substitute, Jul. 7, 2021, which was ultimately denied by the Court. (Dec. & Order, Jul. 25, 2022). Further, Successor Plaintiff has never moved the Court for leave for additional time or late filing. *See, e.g.,* Guam R. Civ. P. 6(b) ("[T]he court for cause shown may at any time in its discretion" permit a late filing.); *see also Zanowick v. Baxter Healthcare Corp.,* 850 F.3d 1090, 1094 (9th Cir. 2017). Accordingly, the Court finds that Rule 25(a) applies and Successor Plaintiff has not timely moved for substitution.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Successor Plaintiff's Joinder Motion.

**IT IS SO ORDERED** this 3rd day of October, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam